US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
AUG 03 2015
CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ZUMBA FITNESS, LLC, a Florida Limited Liability Company,

Plaintiff,

v.

ABF LOGISTICS, INC., an Arkansas Corporation, and QUICK COOL TRANSPORT, LLC, a Florida Limited Liability Company,

Defendants.

Civil Action
Case No.: 15-2151

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

Plaintiff, Zumba Fitness, LLC, ("Zumba") by and through undersigned counsel and pursuant to Rule 57, Federal Rule of Procedure and 28 U.S.C. §§2201-02, files this its Complaint for Declaratory Judgment and Damages against Defendants, ABF LOGISTICS, LLC ("ABF") and QUICK COOL TRANSPORT, LLC ("Quick Cool"), and in support thereof alleges as follows:

1. This is a civil action seeking a declaratory judgment and monetary damages in excess of $75,000.

2. Plaintiff, Zumba, is a Florida limited liability company, with its principal place of business in Hallandale Beach, Florida. Zumba is a global lifestyle and fitness brand that provides products and services to customers worldwide. The products and

services provided by Zumba include fitness related programs, classes, DVDs, fitness apparel, footwear, and lifestyle magazines.

3. Defendant, ABF, is an Arkansas corporation, with its principal place of business in Fort Smith, Arkansas. ABF "offers third-party logistics services including brokerage, intermodal, ocean shipping, transportation management, warehousing and household goods moving." [1]

4. Defendant, Quick Cool, is a Florida limited liability company with its principal place of business in Hialeah, Florida and provides general freight and transportation services.

5. Quick Cool was hired by ABF as a subcontractor to transport the shipment giving rise to this dispute.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§2201-02, 28 U.S.C. § 1337(a), 28 U.S.C. § 1367, Title 49 of the United States Code, and a forum selection clause and choice of law provision in the applicable Bill of Lading .

7. The Bill of Lading, which governs the shipment at issue in this suit (the "Shipment"), contains a combined choice of law and forum selection clause which states as follows: "[t]his bill of lading and shipments hereunder will be governed by U.S. federal

---

[1] *See* Logistics Services with ABF Logistics [SM], http://www.abfs.com/logistics/ (last visited May 28, 2015).

laws and regulations. Venue shall be in a state or federal court located in the State of Arkansas, Sebastian County." *See* Bill of Lading, attached hereto as **Exhibit A.**

8. Based upon the forum selection clause, Venue is proper in the United States District Court, Western District of Arkansas.

**FACTUAL BACKGROUND**

9. Zumba utilizes the logistics services of Ozburn-Hessey Logistics, LLC d/b/a OHL ("OHL"). As a logistics services provider, OHL is responsible for customary warehousing services, including the receipt, inspection, handling, storage, parking, and shipping of products.

10. In June 2014, OHL, on behalf of Zumba, contacted ABF regarding transportation of five freight trailers from Miami to Orlando, Florida for a fitness convention and tradeshow which was to take place at the Orlando Convention Center.

11. OHL requested that ABF provide a price quote for the transportation of the merchandise, comprised of fitness DVDs and/or fitness apparel and supplies.

12. Following OHL's request for a price quote, ABF provided a FreightValue Pricing Schedule to OHL (the "Pricing Schedule") quoting a flat rate fee of $700.00 for each of the five trailers to be transported. The Pricing Schedule contained the following language:

> Carrier's cargo liability is limited to $5.00 per pound per lost or damaged package for any item that is new and $0.10 per pound per lost or damaged package for any item that is not new, subject to a maximum liability of $100,000 per shipment and shall apply to all FreightValue Price Quote requests including future FreightValue shipments. See Item 780-1 section 8 of ABF 111 rules for further limitations. Optional Excess liability is available at an additional expense when requested, document and approved at the time of the quote.

*See* Pricing Schedule attached hereto as **Exhibit B.**

17. OHL, on behalf of Zumba, entered an agreement with ABF arranging to pay a flat fee of $700 for each of the five trailers to be transported to Orlando, Florida.

18. The Pricing Schedule did not provide an opportunity for Zumba and/or OHL to declare the actual value of the Shipment, and did not afford Zumba and/or OHL the option to choose between two or more alternate levels of liability coverage in the event of loss or damage.

19. Without the knowledge or approval of Zumba or its agent OHL, ABF subcontracted with Quick Cool to transport the Shipment. Neither Zumba, nor OHL became aware that ABF utilized Quick Cool as a subcontractor until after the theft of the Shipment giving rise to the claims in this suit.

20. On August 8, 2014, Defendants loaded the Shipment for transportation and issued a Bill of Lading to OHL.

21. The Bill of Lading contained the following language:

> ABF Multimodal's cargo liability limitation for any and all cargo loss or damage shall be the lesser of (1) the actual value of the goods lost or damaged; (2) $5.00 ($0.10 for any item other than new) per pound per lost or damaged package; or (3) $100,000.00 per trailer. Optional Excess Liability at an additional expense when requested is available, but must have been included in the quote (Pricing Schedule) and notated in the body of this bill of lading.

*See* **Exhibit A.**

23. The Bill of Lading, like the Pricing Schedule, did not provide an opportunity for Zumba and/or OHL to declare the actual value of the Shipment.

24. The Bill of Lading also did not afford Zumba and/or OHL the option to choose between two or more alternate levels of liability coverage in the event of loss or damage of the Shipment.

22. On August 9, 2014, one day after the Shipment was picked up by the Defendants, the tractor and trailer containing Zumba's merchandise were parked in an unsecured and unmonitored parking lot of a BJ's Wholesale Club located in Hialeah, Miami.

25. ABF and/or OHL negligently left the tractor and trailer containing the Shipment in the parking lot unsupervised for an undetermined period of time, and the tractor and trailer containing the Shipment were stolen from the parking lot. *See* Police Incident Report attached hereto as **Exhibit C.**

26. The wholesale value of the stolen merchandise was Four Hundred Sixty-Four Thousand Eight Hundred Seventy Four Dollars and Ninety Four Cents ($464,874.94).

27. As a result of the theft, Zumba was forced to immediately replace the merchandise and pay additional shipping costs in order to meet its obligation for the convention and to avoid further loss.

28. Zumba has satisfied all conditions precedent to the filing of this action.

29. Consistent with 99 U.S.C. § 14706(e)(1), 49 C.F.R §370.3(a) and with ABF's procedures, Zumba timely filed a written notice of claim on October 16, 2014 (i.e., approximately two months after the loss of the Shipment) requesting reimbursement in the

amount of $464,874.94, the full value of the stolen Shipment. *See* Loss and Damage Claim form, attached hereto as **Exhibit D.**

30. ABF has refused to reimburse Zumba for the full value of the stolen Shipment, and instead has sought to invoke the purported limitation of liability provision contained in the Bill of Lading, seeking to limit its liability to One Hundred Thousand Dollars and 00/100 ($100,000.00).

31. Zumba has retained Broad and Cassel and agreed to pay reasonable attorneys' fees for prosecution of this matter.

**COUNT I – DECLARATORY JUDGMENT**

32. Zumba re-alleges and reasserts the allegations in paragraphs 1 through 31 as though fully incorporated herein.

33. Zumba seeks this declaration because it is unsure of its rights under the Bill of Lading.

34. There is a dispute among the parties concerning whether the purported limitation of liability provision was effective to limit ABF's liability under U.S. federal laws.

35. Zumba seeks a declaration that pursuant to the Federal Bill of Lading Act, 49 U.S.C. §§ 80101, *et seq.*, 49 U.S.C. §14501, and 49 U.S.C. §14706, commonly referred to as the "Carmack Amendment," the limitation of liability provision was ineffective to limit ABF's liability for the loss of the Shipment.

36. 28 U.S.C. § 1337(a) provides that federal district courts have original jurisdiction over Carmack Amendment claims "only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs."

37. The amount in controversy in this dispute exceeds the minimum threshold of $10,000.00.

38. Pursuant to the Carmack Amendment, 49 U.S.C. §14706 (a), the default level of liability imposed for goods lost or damaged during transport is for the "actual loss or injury to the property caused."

39. In order to effectively limit its liability for loss or damage to a shipment to a value below the "actual loss" default, the carrier, ABF, must:

i) maintain a tariff within the prescribed guidelines of the Interstate Commerce Commission;

ii) give shipper reasonable opportunity to choose between two or more levels of liability;

iii) obtain shipper's agreement as to choice of liability; and

iv) issue receipt or bill of lading prior to moving shipment.

*UPS Supply Chain Solutions, Inc. v. Megatrux Transp., Inc.*, 750 F. 3d 1282, 1286 (11th Cir. 2014).

40. The Carmack Amendment also mandates that a carrier, such as ABF, must offer a shipper two or more shipping rates in the Bill of Lading with corresponding levels of liability. *Emerson Elec. Supply Co. v. Estes Express Lines Corp.*, 451 F. 3d 179,188 (3d. Cir. 2006).

41. A carrier, such as ABF, must expressly provide a shipper a fair opportunity to choose between a higher or lower amount of coverage for potential liability by paying a correspondingly greater or lesser charge. *Id.*

42. In the Bill of Lading and Invoice, the shipment rate was not based upon the value of the Shipment; but, rather was a flat rate fee unrelated to the value of the merchandise being shipped and Zumba was not afforded an opportunity to declare the actual value of the Shipment.

43. Furthermore, neither the Pricing Schedule, nor the Bill of Lading provided Zumba and/or OHL an adequate opportunity to choose between a higher or lower amount of coverage for loss or damage to the Shipment by paying a correspondingly greater or lesser charge.

44. Instead, both the Pricing Schedule and the Bill of Lading stated only that "Optional Excess liability is available at an additional expense when requested." This does not comply with the Carmack Amendment, and was ineffective to limit ABF's liability thereunder.

45. Placing the burden upon Zumba to request optional excess liability coverage is inconsistent with the requirements imposed by federal law, and was ineffective to limit ABF's liability for the theft of the Shipment. 49 U.S.C. § 14706.

46. Therefore, Zumba seeks a declaration that the choice of law and forum selection clause contained in the Bill of Lading drafted by ABF is valid and enforceable, that U.S. federal law controls this dispute, and that the purported limitation of liability

provision did not comply with federal law and was ineffective to limit ABF's liability pursuant to the Carmack Amendment.

WHEREFORE, Zumba Fitness, LLC seeks entry of a Judgment in its favor and against ABF Logistics, Inc. and Quick Cool Transport, LLC as follows:

A. Declaring that the purported limitation of liability provision in the Bill of Lading was not effective to limit ABF's liability for the loss of the Shipment under the Federal Bill of Lading Act, 49 U.S.C. §§ 80101, *et seq.*, 49 U.S.C. §14501, and the Carmack Amendment, 49 U.S.C. §14706;

B. Declaring that the Defendants are liable for the full value of the stolen shipment, in the amount of Four Hundred and Sixty Four Thousand Eight Hundred and Seventy Four Dollars and Ninety Four Cents ($464,874.94);

C. Awarding Zumba its costs, expenses, and reasonable attorneys' fees; and

D. Awarding Zumba such further relief as the Court deems just and proper.

**COUNT II – BREACH OF CONTRACT AGAINST ABF AND QUICK COOL**

47. Zumba re-alleges and reasserts the allegations in paragraphs 1 through 50 as though fully incorporated herein.

48. Zumba entered an agreement with ABF for the transport of its merchandise.

49. Unbeknownst to Zumba or its agent, OHL, and without their prior approval, ABF utilized the services of Quick Cool to transport the Shipment.

50. ABF entered into an agreement, written or oral, with Quick Cool to act as a subcontractor, agent, independent contractor or employee for purposes of transporting the merchandise and fulfilling the agreement with Zumba. As the subcontractor, agent,

independent contractor or employee of ABF, Quick Cool was under an obligation to comply with the terms of the agreement between ABF and Zumba.

51. Under the parties' agreement, ABF and Quick Cool had an obligation to take all reasonable steps to prevent damage or loss to Zumba's merchandise.

52. The Shipment was delivered to ABF in good condition on August 8, 2014.

53. ABF and Quick Cool failed to comply with the contractual requirements to take reasonable steps to prevent damage or loss to Zumba's merchandise.

54. As a result of ABF and Quick Cool's breach of the contractual requirements, Zumba's Shipment was stolen while in the care, custody and control of ABF and/or Quick Cool.

55. ABF and Quick Cool's breach of the contract directly and proximately caused Zumba to suffer damages totaling Four Hundred Sixty-Four Thousand Eight Hundred Seventy Four Dollars and Ninety Four Cents ($464,874.94).

56. On October 16, 2014, approximately two months after the theft of the Shipment, Zumba timely filed a written notice of claim with ABF, requesting reimbursement in the amount of $464,874.94, for the full value of the stolen Shipment.

WHEREFORE, Zumba Fitness, LLC seeks entry of a Judgment in its favor and against ABF Logistics, Inc. and Quick Cool Transport, LLC as follows:

A. Awarding Zumba Fitness, LLC compensatory damages equal to the full value of the stolen shipment, in the amount of Four Hundred and Sixty Four Thousand Eight Hundred and Seventy Four Dollars and Ninety Four Cents ($464,874.94);

B. Awarding Zumba its costs, expenses, and reasonable attorneys' fees; and

C. Awarding Zumba such further relief as the Court deems just and proper.

Dated this 3rd day of August, 2015.

Respectfully submitted

C. Michael Daily
Arkansas Bar No. 2005223
Michael A. LaFreniere
Arkansas Bar No. 2013186
**DAILY & WOODS, PLLC**
58 South 6th Street
Fort Smith, AR 72901
Tel.: (479) 782-0361; Fax: (479)782-6160
mdaily@dailywoods.com
mlafreniere@dailywoods.com
*As local counsel to:*

*Adam G. Rabinowitz*
Adam G. Rabinowitz
Florida Bar No. 177962
**BROAD AND CASSEL**
One Financial Plaza
100 S.E. Third Avenue, Suite 2700
Ft. Lauderdale, FL 33394
Tel: (954) 764-7060; Fax: (954) 761-8135
arabinowitz@broadandcassel.com
slbrown@broadandcassel.com
*(pro hac vice motion will be filed once a case number is assigned)*

*Counsel for Plaintiff Zumba Fitness, LLC*